MO. PAC. R'Y CO. v. A. M. RUSHIN.

(No. 5492.)

APPEAL from Robertson County.    Opinion by WILL-
SON, J.

L. J. SIMMONS, counsel for appellant.

No counsel appeared for appellee.

<div style="float:right">3w385<br>§ 317<br>3w462<br>3w470</div>

§ 317. *Parties; joint owners must sue jointly; case
stated.* Under a through bill of lading appellee had
shipped to him at Franklin, Texas, from Valdosta, Geor-
gia, three hundred pear trees, a portion of the route over
which said trees were transported being appellant's line
of railway. When shipped said trees were in good con-
dition, but were in a damaged condition when received
by appellee, and he brought this suit to recover the
alleged value of said trees, $300, alleging that when re-
ceived by him they were totally worthless. He recovered
judgment for $294 and costs. On the trial it appeared in
evidence that appellee was not the sole owner of said
trees, but that one Scott owned an interest therein of one-
half, and in the judgment which might be recovered in
this suit. This being the case appellee could not main-
tain this suit alone and the court erred in rendering judg-
ment for him. Scott, being a joint owner of the trees
with appellee, was a necessary party to the suit, and un-
less made a party thereto, the suit should be dismissed.

§ 318. *Excessive judgment; damages which by reason-
able care could have been prevented are not recoverable.*
The judgment is excessive. It is shown by the evidence
that the trees were not so injured as to be wholly worth-

less.    They were received by appellee December 26, 1885. In May, 1886, one-half of them were living.    In March, 1887, forty or fifty of them were living.    It was proved that by proper care and attention the one hundred and fifty trees which were living in May, 1886, might have been preserved, but that appellee made no effort to dispose of or to preserve them.    It was his duty to protect himself from loss so far as he could do so, by the use of reasonable effort, and failing to do so, he was not entitled to recover for the damage he could thus have averted. [R. R. Co. v. Young, 60 Tex. 202; R'y Co. v. Smith, 63 Tex. 323; 2 W. Con. Rep. §§ 288, 813.]

June 22, 1887.                    Reversed and remanded.